RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
JESSICA CLARKE
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

November 13, 2017

**By ECF**

Hon. Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Powell v. Allied Universal Security Services, et al.*,
     17 Civ. 6133 (E.D.N.Y. 2017)

Hon. Judge Gershon:

  Plaintiff LaDonna Powell, by and through her attorneys, Emery Celli Brinckerhoff & Abady LLP, submits this Related Case Statement pursuant to Rule 1.6(a) of the Local Rules of this Court. This case is related to a case currently pending before Judge Allyne R. Ross, *Douglas v. Allied Universal Security Services, et al.*, 17 Civ. 6093. Pursuant to Local Rule 1.6(a), Plaintiff has met and conferred with Defendants regarding her request to have his case marked related to *Douglas*, and Defendants do not consent to the request.

  Both this case and *Douglas* are against Allied Universal Securities LLC and Allied Barton Securities LLC, and both arise out of federal and state wage and hour violations by these defendants under a contract to provide security services at John F. Kennedy International Airport. The previous complaint includes many allegations that pertain to and/or discuss by name the Plaintiff in this case, including at paragraphs 53-55, 66, 69-71, 76, 77, 87-90, 101, 102, 106, 114, 115, 118, 119, and 130-136. In addition, Claims 1 and 3 in the previously filed case are collective action claims for failure to pay overtime that parallel Plaintiff's individual Claims 3 and 4 in this case. Plaintiff's Complaint also includes claims for gender and race discrimination.

More broadly, this case and *Douglas* arise out of the same pattern and practice of illegal and discriminatory conduct by Allied and its individual supervisors at JFK. As both complaints allege, there was a culture at Allied at JFK of ignoring federal and local laws in favor of enforcing the impulses of individual Allied supervisors. Security guards who acquiesced to those impulses were rewarded with best shifts, better posts, and more breaks. Those who did not were retaliated against with worse shifts, worst posts, and fewer breaks—including lunch breaks and/or bathroom breaks when necessary. *See Powell* Compl. ¶ 128 ("when Ms. Powell was a supervisor, she was instructed by senior managers . . . not to give certain security guards lunch breaks because the managers did not like them"); *Douglas* Compl. ¶¶ 56-80 (describing how many security guards regularly received shortened lunch breaks or no lunch breaks). The same illegal and discriminatory policies are at issue in both cases, and the same senior supervisors are responsible.

Since Plaintiff filed her case, numerous other witnesses have come forward corroborating the Complaint allegations and confirming that a larger pattern and practice by Defendants. The Port Authority Office of the Investigator General has already begun an investigation into Plaintiff's claims, and it is likely that more information will come out that is relevant to both Plaintiff's case and *Douglas*. Plaintiff's counsel also intends to file additional cases against the same Allied supervisors and/or seek to amend Plaintiff's case to add additional plaintiffs with similar claims of wage and hour violations and discrimination. Plaintiffs will seek to have those cases marked as related and consolidated for purposes of discovery too, and it will be more convenient and efficient if all of the cases and claims arising out of the illegal discriminatory actions of Allied at JFK proceed before the same judge.

Finally, Plaintiff's counsel has spoken with counsel for plaintiffs in *Douglas*, and counsel for plaintiffs in both cases believe that it would be efficient for the court and the parties if the cases were consolidated for purposes of discovery. There is significant overlap in the documentary evidence relevant to both cases and many of the same individuals will need to be deposed.

Both *Powell* and *Douglas* are complex, fact-intensive cases that will require extensive discovery. The discovery burdens on all parties and the Court can be significantly curtailed if the cases are marked as related and discovery is consolidated. Plaintiff therefore respectfully requests that the Court grant her application to have this matter marked as related to *Douglas*.

Respectfully Submitted,

/s Elizabeth Saylor

Elizabeth Saylor
Alanna Kaufman

c.  Hon. Allyne R. Ross via hand-delivery
    David Hamilton, Counsel for Defendants (via email)
    Chris Davis, Plaintiff's counsel in the *Douglas* case (via email)