

Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL 914 949 2909
FAX 914 949 5424
www.eckertseamans.com

Riyaz G. Bhimani
DIRECT 914 286 2806
rbhimani@eckertseamans.com

November 20, 2017

**Via ECF**
Hon. Nina Gershon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Powell v. Allied Universal Security Services, et al.*,
             Case No.: 17-cv-6133

Dear Judge Gershon:

Defendants Allied Universal Security Services, Allied Barton Security Services, LLC, Thomas Tarantola, Christopher Timberlake, Osvaldo Ortiz, Keith Reid, Alberto Diaz, Kevin McNamara, and Martin Feeney, (hereinafter "Defendants"), by and through their undersigned counsel, submit this statement in opposition to the Related Case Statement filed by Plaintiff Ladonna Powell ("Plaintiff"), pursuant to this Court's Guidelines for the Division of Business Among District Judges ("EDNY Guidelines"), Rule 50.3.1(d). Respectfully, Defendants dispute Plaintiff's characterization of the complaints in this case and in the action *Douglas v. Allied Universal Security Services, et al.*, 17-cv-6093, and disagree with Plaintiff's ultimate suggestion that a related case designation is appropriate.

This Court's guidelines define two cases as "related" when "because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." EDNY Guidelines, Rule 50.3.1(a). The Guidelines go on to state that cases are not related merely because of identical legal issues or because they involve the same parties. *Id.*, Rule 50.3.1(b). Plaintiff's letter supporting a related case designation ignores the Court's standard and relies almost entirely on the fact that the corporate defendants are the same in each case.

While the allegations in this case and in *Douglas* involve the same worksite, the legal issues and majority of factual issues are fundamentally different. This action involves a single plaintiff, in which Plaintiff alleges a wide range of alleged sexual and race-based harassment. Only two of Plaintiff's ten claims involve solely wage-and-hour issues. *See* Doc. 1. The *Douglas* action, on the other hand, is a purported class action, which alleges *only* wage-and-hour violations. While Plaintiff here asserts that both cases "arise out of the same pattern and practice of illegal and


discriminatory conduct," the *Douglas* action contains no allegation of discrimination of any kind. Plaintiff here also asserts that both complaints allege that the purported wage-and-hour violations were based on retaliation, but the complaint in the *Douglas* action makes no such allegation. Indeed, the words "discrimination," "retaliation," and "harassment" do not even appear in the complaint in the *Douglas* action. As a result, the bulk of the legal work and discovery relevant to the instant matter would be entirely superfluous and irrelevant in the *Douglas* action. Plaintiff's inflammatory and salacious allegations of discriminatory conduct in the instant matter are entirely absent in the *Douglas* action.

Furthermore, the fact that most if not all the employees at the site where Plaintiff worked potentially could be members of the *Douglas* action makes a related case designation even more problematic. None of these other employees are co-Plaintiffs in this case. It is likely that many of these other employees will offer testimony controverting Plaintiff's discrimination and harassment claims, yet their involvement in a so-called "related case" where they themselves may be adverse to the corporate defendants would severely hamper their willingness to provide such testimony on behalf of the Defendants in this case.

The *Douglas* action also will involve a wide range of issues and discovery that have no bearing on the instant matter. As a purported class action, Defendants anticipate that a sizable portion of discovery and legal issues in that case will involve a determination of whether a class should be certified. The issues of class certification and the discovery necessary to evaluate those issues are wholly irrelevant to the single-plaintiff case in this action. Moreover, while Plaintiff is referenced in the complaint in the *Douglas* action as an example of alleged pay practices, Plaintiff here is not, and, as long as she maintains her own separate lawsuit, likely cannot be a member of any class in the *Douglas* action. As a non-class member pursuing her own litigation, Plaintiff's participation in large portions of discovery in the *Douglas* action will not only be unnecessary, but likely problematic and inappropriate.

Even if Plaintiff could be a member of the class in the *Douglas* action, that alone is insufficient. A Judge of this Court has recently concluded that the fact that a Plaintiff was actually a member of a previously filed class action was insufficient to designate the single-plaintiff case related to the class action. *See Bresilien v. City of New York*, Case No. 1:16-cv-4857, Doc. 11 *and* Docket Entry dated Oct. 5, 2016.

For the foregoing reasons, Defendants respectfully oppose Plaintiff's suggestion of a related case designation. The judicial effort that will be duplicated in these cases is minimal. Making the cases related will create more issues than it will solve.


Respectfully yours,

Eckert Seamans Cherin & Mellott, LLC

*s/ Riyaz G. Bhimani*

By: Riyaz G. Bhimani

and-

Martenson, Hasbrouck & Simon LLP
David C. Hamilton, Esq.
Wes McCart, Esq.
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile) dhamilton@martensonlaw.com
wmccart@martensonlaw.com



cc:     Elizabeth Saylor, Esq.
        Alanna Kaufman, Esq.
        Emery Celli Brinckerhoff & Abady LLP
        (By ECF)

.