UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LADONNA POWELL,
MARSHA-NIQUE IRVING,
SHEILA WALTON,
ROY FIELDS,

                                Plaintiffs,

         -against-                                                              **ORDER**
                                                                                17-CV-6133-ARR-SJB

ALLIED UNIVERSAL SECURITY SERVICES,
ALLIED BARTON SECURITY SERVICES, LLC,
THOMAS TARANTOLA,
CHRISTOPHER TIMBERLAKE,
OSVALDO ORTIZ,
KEITH REED,
ALBERTO DIAZ,
KEVIN MCNAMARA,
MARTIN FEENEY,

                                Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

         Defendants Allied Universal Security Services, Allied Barton Security Services,

LLC, Thomas Tarantola, Christopher Timberlake, Alberto Diaz, Kevin McNamara, and

Martin Feeney ("Defendants") have moved to quash seven non-party subpoenas served

by Plaintiffs.  For the reasons stated below, the motion is denied in part and granted in

part.

         1.  Defendants first object to the subpoena served on the Port Authority of New

York and New Jersey.  They contend that the subpoena—by asking for invoices and

manuals—seeks "confidential, proprietary, and nonpublic information" and "potential

trade secrets."  (Letter Motion to Quash dated July 20, 2018, Dkt. No. 47 ("Mot.") at 2).

Defendants lack standing to make such an objection.  "[F]or a party to have standing to

challenge a subpoena served on a non-party, there must be more than a conclusory

assertion that the subpoenas seek documents that are private, confidential, and

commercially sensitive." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* No. 13-CV-

1654, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (quotations omitted).

Defendants offer no explanation for their conclusory assertions of privilege and

confidentiality.  In any event, because there is no explanation how invoices or training

materials are confidential or constitute a trade secret, Defendants' objection is

ultimately without merit.  The materials sought are of the kind commonly sought via

subpoena.  To the extent there are confidentiality concerns, or even trade secrets, such

interests are protected by the current protective order, *see* Dkt. No. 38 ("Protective

Order"), and the Port Authority can join the order to receive its protection.[1] *See, e.g.*, *In*

*re Currency Conversion Fee Antitrust Litig.*, No. 21-M-95, 2004 WL 848171, at *1

(S.D.N.Y. Apr. 21, 2004) ("American Express' concern that production of the

subpoenaed documents would compromise its trade secrets and other confidential

information is obviated by the presence of the confidentiality agreement and protective

order in this action.").

Defendants then assert that the subpoena is overbroad and imposes an undue

burden on the Port Authority.  Plaintiffs have narrowed the subpoena, (*see* Response in

---

[1] Defendants assertion that there is a statutory bar that prohibits production of sensitive security information is another warrantless assertion.  Defendants identify no category of documents that contain sensitive security information.  And in any event, Defendants lack standing to raise this privilege, to the extent it is even a privilege, since it belongs to the Port Authority.  *Samad Bros. v. Bokara Rug Co. Inc.,* No. 09-CV-5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010) ("Where a party moves to quash a non-party . . .  subpoena, the claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served.").

Opposition dated July 27, 2018, Dkt. No. 49 ("Pls.' Resp.") at 2), which moots this objection.  In any event, Defendants lack standing to make such an objection; any burden of production falls on the Port Authority, not Defendants.  "[E]ven where the defendant has alleged some personal privacy right or privilege to the documents sought, the defendant still lacks standing to oppose a third-party subpoena on undue burden grounds."  *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at \*6 (E.D.N.Y. Aug. 23, 2016) (citations and quotation omitted) (collecting cases).[2]  "[C]ourts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden." *In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) (quotations omitted).  For these reasons, the request to quash the subpoena on the Port Authority is denied.

2.   With respect to the subpoena to the Service Employees International Union Local 32BJ ("Local 32BJ"), Defendants raise the same arguments.  (Mot. at 3).  Any burden or overbreadth objections are not Defendants to raise, and again, the Plaintiffs have narrowed the scope of this subpoena.  (Pls.' Resp. at 2).  To the extent there are confidentiality concerns, those also can be addressed by expanding the protective order to include Local 32BJ.  The request to quash the Local 32BJ subpoena is denied.

3.   Five of the subpoenas seek from former employees the settlement agreements, and related documents, from their resolution of claims with certain

---

[2] Because Defendants lack standing to raise a burden objection, that Plaintiffs may obtain the same documents through party discovery is not a basis to quash any of the subpoenas.

Defendants.  According to Defendants, each of the settlement agreements contains a non disclosure provision.

Defendants appear only to be objecting to the portion of the subpoena that seeks settlement agreements and related communications.  The subpoena, however, requests documents well beyond settlement documents and communications—"All documents and communications concerning any complaints or allegations . . . concerning discrimination, wage and hour violations, and/or retaliation, including without limitation all documents concerning the settlement of any claims."  (Mot. at 4).  Outside of the request for settlement agreements and related documents, there is no basis to quash these subpoenas.

Plaintiffs assert that the subpoenas are necessary for information and evidence concerning wage and hour and employment discrimination claims made against Defendants.  Plaintiffs cite a number of cases that suggest settlement agreements are discoverable.  Each of those cases predates the 2015 amendments to Rule 26 which dispensed with the preexisting discovery standard: information "reasonably calculated to lead to the discovery of admissible evidence" was discoverable.  *See* 2015 Amendment Advisory Committee Notes to Rule 26.  *E.g.*, *Griffin v. Mashariki*, No. 96-CV-6400, 1997 WL 756914, at *1 (S.D.N.Y. Dec. 8, 1997) (analyzing discovery request under prior Rule 26 standard) (cited by Pls.' Resp. at 5).

The current Rule requires that the discovery sought be "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  That is narrower than the pre-2015 standard.  And even if a request for settlement agreements should be treated like all other discovery requests, Plaintiffs must still demonstrate under the current Rule 26 that the documents are relevant.  *Id.*; *see also King Cty., Wash. v. IKB Deutsche*

4

*Industriebank AG*, No. 09-CV-8387, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) ("While courts in this Circuit disagree as to the standard that applies to the discovery of settlement agreements, the majority hold that the required showing of relevance is no higher for settlements than it is for the discovery of other kinds of information. Nonetheless, courts routinely refuse to afford defendants access to settlement agreements that they deem irrelevant."). Plaintiffs argue that settlement information is "clearly relevant" because it would show whether the same supervisors in this case engaged in other illegal conduct and to demonstrate the willfulness of such conduct. (*See* Pls.' Resp. at 5). Plaintiffs are certainly entitled to discovery to demonstrate willfulness or to find supervisory misconduct. The subpoenas to the five employees, even without settlement documents, enable Plaintiffs to obtain such discovery. But the terms on which the employees settled a claim, or even the fact that a claim was settled, is not probative or relevant to those issues.[3]  *United States v. Quality Built Const.*, 358 F. Supp. 2d 487, 490 (E.D.N.C. 2005) ("Settlement terms are normally compromised positions taken by each party and in no way forecast the appropriate remedy for a case that has advanced to litigation."); *e.g.*, *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) ("[T]he amount of the settlement is not relevant to any issue in this case at this time."). Plaintiffs have not made any showing that that terms on which an employee settled—as opposed to the fact that a claim or allegation was made—is relevant to any claim or defense of any party in this case. *Charney v. Zimbalist*, No. 07-CV-6272, 2013 WL 12345518, at *2 (S.D.N.Y. Feb. 6, 2013) ("Defendant has also sought

---

[3] Defendants do have standing to object to the subpoena for settlement agreements since they were parties to those agreements and their interests are implicated by the production of those documents.

a copy of plaintiffs' settlement agreement with Ameriprise.  She has not demonstrated its relevance to any factual issue in this case, however."); *e.g.*, *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. 12-CV-6383, 2016 WL 4703656, at *7 (E.D.N.Y. Sept. 7, 2016) ("[W]here any such settlement was reached, the amount of any offset / recoupment bears directly on the amount of damages Plaintiff is claiming in this case and is thus relevant to the claims and defenses being asserted.  Therefore, Defendant should have the opportunity to verify the nature and extent of any such agreements[.]").

The motion to quash is granted to the extent that the subpoenas seek settlement agreements or related documents.  The request to quash is otherwise denied.

Defendants' alternative request that they be permitted to review the third party productions and redact and designate documents is denied.  As noted earlier, the assertions of privilege and confidentiality are conclusory and unsubstantiated.  To the extent that the subpoena recipients wish to become parties to the stipulated protective order and designate documents pursuant to that order, they may do so.

SO ORDERED.

*/s/ Sanket J. Bulsara August 09, 2018*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

6