```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LADONNA POWELL,
MARSHA-NIQUE IRVING,
SHEILA WALTON,
ROY FIELDS,

                         Plaintiffs,

         -against-                                    ORDER
                                                      17-CV-6133-ARR-SJB

ALLIED UNIVERSAL SECURITY SERVICE,
ALLIED BARTON SECURITY SERVICES, LLC,
THOMAS TARANTOLA,
CHRISTOPHER TIMBERLAKE,
OSVALDO ORTIZ,
KEITH REED,
ALBERTO DIAZ,
KEVIN MCNAMARA,
MARTIN FEENEY,

                         Defendants.
-----------------------------------------------------------------X
```
**BULSARA, United States Magistrate Judge:**

A settlement conference was held on December 18, 2018. The Court provided an identical neutral's proposal on the financial terms of a settlement, which was accepted by both parties. As such, a settlement has been reached on the financial terms of a resolution.

No party or their counsel may disclose the financial terms, publicly or otherwise, until there is a final settlement agreement and parties have agreed upon the non-monetary terms. At that point, disclosure is permitted to whatever extent the parties agree to public disclosure and to whatever extent is required by law, as discussed below. To the extent the individual plaintiffs or defendants wish to disclose the financial terms of the settlement to immediate family members, they may do so, so long as those family

members are instructed they may not further disclose the financial terms. Counsel who have appeared in the case may disclose the financial terms to the respective lawyers in their law firms and in-house counsel as necessary. Disclosure of the financial terms in violation of this Order may result in Court sanction. The final settlement agreement must comply with the following requirements:

1. One or more Plaintiffs in this case have alleged violations of the Fair Labor Standards Act ("FLSA"). Under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the court must conduct a fairness review of whatever portion of the settlement proceeds are being provided in consideration of those claims. The necessity of *Cheeks* review requires: (1) that the parties determine the allocation per plaintiff for any FLSA claim; (2) that the plaintiffs file a motion for fairness approval of the FLSA portion of the settlement; (3) that the court conduct a fairness hearing; and (4) that any FLSA portion of the settlement be publicly filed. The parties may not agree to keep the FLSA portion of the settlement non-public because doing so would violate *Cheeks*. *See Jones v. Smith*, 319 F. Supp. 3d 619, 626 (E.D.N.Y. 2018) ("Shielding the agreement from public scrutiny would thwart Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.") (quotations and alterations omitted).

2. Non-FLSA claims are not subject to *Cheeks* review and the Court is not required to review, for fairness or otherwise, the settlement agreement with respect to such claims, unless the parties mutually agree that such review is necessary or appropriate. *E.g. Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) ("[T]he parties proposed a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect

to the FLSA claim against 7-Eleven for the Court's approval as fair and reasonable under *Cheeks*; and (ii) execute a separate settlement agreement of Counts II through IV, the Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under *Cheeks*.").

3. The settlement reached remains subject to the parties' mutual agreement on the confidentiality of non-FLSA terms, the scope of any releases, and any other non-monetary terms. The parties should discuss these non-monetary terms with each other and provide the Court with a joint status report on negotiations by **January 11, 2019**. If necessary, and upon request of the parties, the Court will hold another settlement conference on the non-monetary aspects of the agreement. All current deadlines are hereby adjourned and any pending motions are denied as moot without prejudice to renewal.

SO ORDERED.

*/s/ Sanket J. Bulsara December 18, 2018*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York